UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

RANDELL B. CUNNINGHAM,            )
                                  )
            Plaintiff,            )
                                  )
      v.                          )   CASE NO. 4:06-cv-0127-DFH-WGH
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social Security,  )
                                  )
            Defendant.            )

ENTRY ON ATTORNEY FEE APPLICATION

On June 15, 2007, the court remanded to the Commissioner of Social Security his decision denying the application of plaintiff Randell B. Cunningham for disability insurance benefits and supplemental security income. Mr. Cunningham then filed a timely application for an award of attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). His total request is for $5,244.52 in attorney fees and costs. The defendant Commissioner of Social Security argues that no fee should be awarded because his position was, in the terms of the EAJA, "substantially justified." The Commissioner also argues that if any fee is awarded, the request should be reduced for poor documentation of the attorney's time and that any fee award should be made payable to the plaintiff and not to his attorney. As explained below, the court finds that the Commissioner's position in this case was not substantially justified, that a modest reduction in the requested amount is necessary, and that the award should be

payable directly to plaintiff. The court therefore awards fees and costs totaling $4,994.52.

*Standards under the Equal Access to Justice Act*

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In general, to be eligible for a fee award under this provision, four elements must be satisfied: (1) the claimant was a "prevailing party"; (2) the Commissioner's position was not "substantially justified"; (3) no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), any fee application was submitted to the court within 30 days of final judgment in the action and was supported by an itemized application. See *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The EAJA also uses financial means tests for award eligibility, see 28 U.S.C. § 2412(d)(2)(B), but those tests are unlikely to come into play for a person seeking disability benefits under the Social Security Act. See *Sosebee v. Astrue*, 494 F.3d 583, 587 (7th Cir. 2007) (reversing denial of fees under EAJA). Mr. Cunningham is a "prevailing party" for purposes of the EAJA. See *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (remand

under sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party under the EAJA). The principal issue here is whether the Commissioner's position was "substantially justified."

The Commissioner has the burden of proving that his position was substantially justified. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The court will look to both the agency's pre-litigation conduct and its litigation position, and must make one determination as to the entire civil action. *Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994); 28 U.S.C. § 2412(d)(2)(D) (for purposes of fee award under EAJA, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). To be "substantially justified," the Commissioner's position must have a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Cunningham*, 440 F.3d at 864. It must be stronger than merely non-frivolous. *Pierce*, 487 U.S. at 565-66. On the other hand, the Commissioner's position need not have been correct. See *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996), quoting *Pierce*, 487 U.S. at 566 n.2. "Substantially justified" does not mean "justified to a high degree"; the standard is satisfied if there is a "genuine dispute," or if reasonable persons could differ as to the appropriateness of the contested action. *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992), citing *Pierce*, 487 U.S. at 565.

The standard of review that applies to the merits of benefits decisions is deferential to the Commissioner. If the court has remanded the denial of benefits, that deferential standard of review does not automatically mean that the Commissioner's position could not have been substantially justified for purposes of the EAJA. See, *e.g., Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994). Under the EAJA, the test is whether the Commissioner had a rational ground for thinking that he had a rational ground for denying benefits. See *id.*

The Seventh Circuit's decisions in *Cunningham* and *Golembiewski* illustrate well when the Commissioner's position is and is not substantially justified. In *Golembiewski*, the district court had remanded the denial of disability insurance benefits but had denied the plaintiff's petition for fees under the EAJA. The Seventh Circuit reversed, finding that the district court had abused its discretion in denying the fee petition. *Golembiewski*, 382 F.3d at 725. The Seventh Circuit found that the remand had been required because the ALJ had violated clear and longstanding judicial precedent and had violated the Commissioner's own rulings and regulations. *Id.* at 724. Also, the ALJ had failed to address the issue of the claimant's credibility and had failed to apply the familiar factors under SSR 96-7p for evaluating a claimant's subjective complaints of pain. *Id.* The ALJ had also mischaracterized and ignored significant medical evidence. *Id.* The Seventh Circuit noted that it had not rejected any arguments by the plaintiff on appeal and had not adopted any position argued by the Commissioner in defending the ALJ's decision. *Id.* at 725. In addition, the Commissioner had tried to defend the ALJ's

decision based on reasoning that the ALJ had not provided, contrary to well established law. *Id.*

By comparison, in *Cunningham*, the Seventh Circuit affirmed the district court's denial of fees under the EAJA and distinguished *Golembiewski*. In *Cunningham*, the remand had resulted from an ALJ decision that did not explain the reasoning as carefully and thoroughly as necessary. "It was not that the ALJ failed to engage in any credibility determination as in *Golembiewski*; rather, the ALJ failed to connect all the dots in his analysis." *Cunningham*, 440 F.3d at 865. Such failures may require remand on the merits but do not make it an abuse of discretion for the district court to deny fees under the EAJA. In general, then, if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees.

*Discussion*

This case lies roughly mid-way between *Golembiewski* and *Cunningham*, and the court finds that the Commissioner's position in this litigation was not substantially justified. The case before the ALJ was, in a way, too familiar. Mr. Cunningham had done manual labor and had a very limited education. He injured his back in a fall. Over several years, he had four surgeries on his back and tried a host of other therapies for back pain. He did not return to work. He testified to subjective symptoms of pain that were so severe as to render him totally disabled, if his testimony is to be believed. The objective medical evidence showed a type of injury that could cause disabling pain, though there was no objective confirmation of the severity of Mr. Cunningham's complaints. At the same time, Mr. Cunningham underwent four operations and numerous other attempts at pain relief. There is no indication that any of the many doctors who had treated him believed he was malingering.

In evaluating the credibility of Mr. Cunningham's complaints, the ALJ made two critical errors, in this court's view. First, the ALJ discounted Mr. Cunningham's credibility because he had not taken narcotic or opiate medications to treat his pain. These strong medications are often used to treat especially severe pain. The ALJ saw no reason why Mr. Cunningham had not taken this step, and the ALJ concluded that his failure to use such strong medicines undermined the credibility of his complaints of severe and disabling pain. Second,

the ALJ also saw no evidence that Mr. Cunningham had sought treatment for his pain from hospital emergency rooms or other acute care providers. The ALJ reasoned that if Mr. Cunningham had actually been suffering pain as severe as he described, he would have sought such treatments.

The court explained in detail in the entry on the merits why these were errors. First, Mr. Cunningham's medical records repeatedly noted that he is allergic to narcotic and opiate pain medication. The supposed gap in the treatment record therefore did not support the ALJ's reasoning. In fact, since Mr. Cunningham has tried essentially every other known therapy for his pain, the overall record tends to support his credibility, especially where there is an apparently compelling reason for the lack of narcotic and opiate medications. Second, the extensive records of many physicians' attempts to treat Mr. Cunningham's pain show that no therapy has been particularly effective. There is no reason for the ALJ or the court, or especially for Mr. Cunningham, to believe that a hospital emergency room staff would have been able to provide effective treatment when nothing else had worked over many years. The fact that a claimant has not sought futile treatments should not be held against him in evaluating his credibility. See *Ribaudo v. Barnhart*, 458 F.3d 580, 585 (7th Cir. 2006) (finding that a "failure to pursue ineffective treatments does not suggest that . . . [the claimant] is not in severe pain, and therefore cannot be a sound basis for the ALJ's adverse credibility finding."). This conclusion has special force

where the claimant has undergone so many other unsuccessful treatments, including multiple surgeries.

In the court's view, these errors in reviewing the record and in reasoning from it were straightforward and clearly called for a remand. The court did not say in its decision on the merits, and does not say now, that Mr. Cunningham has been disabled within the meaning of the Social Security Act. That remains a question for the Commissioner and an ALJ on remand. The ALJ's reasons for denying Mr. Cunningham's fee application are not persuasive, however, in view of these basic errors in reviewing the record and reasoning from it. Because the errors were so basic and straightforward, the Commissioner's position in the case has not been substantially justified. A fee award is warranted under the EAJA.

The Commissioner also challenges on two grounds the amount of the fee request. First, for the day of September 5, 2006 (misidentified as 2007 in plaintiff's application), plaintiff's counsel recorded 6.0 hours for the following: "Prepared/filed Complaint and Appearance, to New Albany to file same, prepared/filed Redacted Complaint, Motion/Order to Seal Complaint, Summonses to Alberto Gonzales, JoAnne Barnhart, Kim Bright, Susan Brooks." The Commissioner argues that this entry includes either time devoted to clerical or secretarial tasks, or excessive attorney time devoted to simple legal tasks, or both. The court agrees in part and estimates that roughly two of the six hours were devoted to traveling from Madison to the courthouse in New Albany, filing, and

other clerical tasks. The court will subtract two hours ($250.00) from the fee request.

Second, the Commissioner argues that plaintiff's counsel's time records are not sufficiently detailed for the time spent writing her brief. The attorney has one consolidated entry for the period December 8, 2006 to December 15, 2006 (also misidentified as 2007), claiming 26.0 hours for the following: "Reviewed ALJ Decision, Reviewed client's medical records, researched relevant case law, prepared/filed Brief in Support of Complaint." This practice is not to be encouraged. Time records are more reliable and credible when they are specific to one day. At the same time, the court must acknowledge that the overall time for preparing the brief is reasonable, both in terms of the good quality of the final product (one of the better Social Security plaintiffs' briefs the court has seen recently) and as compared to the many other fee requests this court has reviewed in similar cases. There is no reason to believe that there is any extra or unreasonable time in the total. Plaintiff's counsel is cautioned that she should maintain and submit more detailed time records in future cases, but the overall request here is reasonable and modest and is approved, subject to the minor reduction already noted.

Finally, the Commissioner points out correctly that the fee award should be made payable to plaintiff, not to his attorney directly, because the EAJA calls for an award to a prevailing party, not to his attorney. See 28 U.S.C. § 2412(d)(1)(A);

*Zeisler v. Neese*, 24 F.3d 1000, 1001-02 (7th Cir. 1994) (interpreting parallel language in Truth in Lending Act, but noting that attorney can secure from client an assignment of statutory attorney fee claims).

Accordingly, plaintiff's petition is granted in the total amount of $4,994.52. A separate judgment to that effect shall be entered.

So ordered.

Date: November 28, 2007

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kristen Danielle VandeWater
Kemper & VandeWater
kvandew@verison.net

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov